IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

08 JUL 14 PM 2: 12

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 3:08-cv-104 -RLY-WGH **COMPLAINT** |
| BACCHUS AND ENOS, INC. d/b/a EDGEWATER GRILLE, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Tyrona Hooper who was adversely affected by such practices. The Commission alleges that Bacchus and Enos, Inc. d/b/a Edgewater Grille failed or refused to hire Ms. Hooper because of her race (black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Evansville District.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Bacchus and Enos, Inc. d/b/a Edgewater Grille (the "Employer"), has continuously had at least 15 employees and has continuously been an Indiana corporation doing business in the State of Indiana and the City of Newburgh.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tyrona Hooper filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or about May and June 2007 Defendant Employer engaged in unlawful employment practices at its Newburgh, Indiana, facility, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it failed or refused to hire Tyrona Hooper because of her race (black).

8. The effect of the practices complained of in paragraph 7 above has been to deprive Tyrona Hooper of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Tyrona Hooper.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing or refusing to hire applicants for employment because of their race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Tyrona Hooper by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant Employer to make whole Tyrona Hooper by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Tyrona Hooper by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraph 7 above, including emotional pain and suffering, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  G. Order Defendant Employer to pay Tyrona Hooper punitive damages for its malicious and reckless conduct described in paragraphs 7 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*/s/ Kenneth L. Bird*
KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov